Affirmed and Memorandum Opinion filed July 22, 2004









Affirmed and Memorandum Opinion filed July 22, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00764-CR

_______________

 

ROBERT JOSEPH WATSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________________________

 

On
Appeal from the County Court at Law No. 3 & Probate Court

Brazoria County, Texas

Trial
Court Cause No. 124,894

_____________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Robert
Joseph Watson appeals a deferred adjudication for possession of marijuana on
the ground that the trial court erred in denying his motion to suppress the
marijuana recovered by police officers because the State failed to prove his
consent to search his residence was voluntary. 
We affirm.








In
reviewing a trial court=s ruling on a motion to suppress, we give almost total
deference to the determination of historical facts, viewing the evidence in the
light most favorable to the ruling,[1]
and review the application of law de novo. 
Rayford v. State, 125 S.W.3d 521, 528 (Tex. Crim. App.
2003).  The Fourth Amendment test for a
valid consent to search is that the consent be voluntary, a question of fact to
be determined from all the circumstances. 
Ohio v. Robinette, 519 U.S. 33, 40 (1996).  To be voluntary, a consent must not be
coerced by covert force, implied threat, or otherwise.[2]  Carmouche v. State, 10 S.W.3d 323, 331
(Tex. Crim. App. 2000).  Testimony by law
enforcement officers that no coercion was involved in obtaining the consent or
that the consent was given after being advised of the right to refuse it are
each evidence that the consent was voluntary. 
Martinez v. State, 17 S.W.3d 677, 683 (Tex. Crim. App.
2000).  However, consent is not
established by showing mere acquiescence to a claim of lawful authority.  Carmouche, 10 S.W.3d at 331.








Viewed
in the light most favorable to the trial court=s ruling, the evidence in this case
shows that appellant: (1) consented orally and in writing[3]
to a search of his residence,  after
being informed that he was not required to do so; (2) told the officer that he
understood, he had been Ain trouble for this before,@ and he wanted to cooperate; and (3)
actually led the officer to the room containing the marijuana and showed it to
the officer.  Appellant contends that his
consent was coerced because the two officers: (1) were in close proximity to
him; (2) were wearing their uniforms, and their sidearms were visible; (3) did
not return his driver=s license prior to their request to search; and (4) told him
that a warrant could be obtained if he did not consent.  However, these circumstances do not show any
overt or implied threat of force and appellant cites no evidence that he would
have been unduly intimidated based on his age (26), education, or
intelligence.  Hunter v. State,
955 S.W.2d 102 (Tex. Crim. App. 1997). 
Because appellant=s sole issue thus fails to demonstrate that the trial court
erred in finding that his consent to the search was voluntary, it is overruled
and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed July 22, 2004.

Panel consists of
Justices Edelman, Seymore, and Ray.[4]

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           Armendariz
v. State, 123 S.W.3d 401, 402 n.1 (Tex. Crim. App. 2003).





[2]           Among
the factors to be considered in determining voluntariness are the: (1) age,
education, and intelligence of appellant; (2) constitutional advice given to
him; (3) length of the detention; (4) repetitiveness of the questioning; and
(5) use of physical punishment.  Reasor
v. State, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000).





[3]           The
consent form appellant signed states that he: (1) had been informed of his
right to refuse the search; and (2) consented to the search voluntarily and
without threats or promises of any kind.





[4]           District
Judge Elizabeth Ray sitting by assignment.